IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---

RICHARD MILES II : CASE NO. 1:14 CV 2687
:
                Petitioner :
: **MEMORANDUM OF OPINION**
-vs- : **AND ORDER**
:
MICHELLE MILLER, WARDEN :
:
                Respondent

---

UNITED STATES DISTRICT JUDGE LESLEY WELLS

      Petitioner Richard Miles, II, filed the above-captioned Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. He is currently incarcerated in the Belmont Correctional Institution, serving a sentence of 11 years on his 2012 conviction in Medina County for possession of cocaine. He challenges his conviction on the following grounds: (1) the trial court abused its discretion, denied him due process and violated his rights under the Fourth Amendment when the court denied his Motion to Suppress; (2) his Fifth and Fourteenth Amendment rights were violated when the prosecutor introduced new evidence in his closing argument; (3) his trial counsel was ineffective for failing him at the suppression hearing and not objecting to the prosecutor's closing argument; (4) his conviction does not meet the standards of sufficiency of the evidence or the manifest weight of evidence in violation of the Fourth,

Fifth, and Fourteenth Amendments; and (5) the trial court erred when it denied his Motion to Dismiss for failing to bring him to trial within 90 days as provided in Ohio Revised Code § 2945.71 in violation of the Sixth Amendment. For the reasons explained below, the Court will accordingly deny the Writ.

## I. Background

On December 19, 2011, Medina County Sheriff's Deputy Paul Schismenos observed Petitioner commit several moving violations, and initiated a traffic stop. *See*. *State of Ohio v. Miles*, No. 12CA0102-M, 2013 WL 5440377 (Ohio App. 9 Dist. Sept. 30, 2013). As he approached the car, he noticed the odor of raw marijuana coming from a window Petitioner had opened. *Id.* The Deputy detained Petitioner on the scene while a canine unit was summoned. The dog alerted on the car, indicating the presence of drugs. *Id.* Officers conducted a search of the vehicle and found marijuana and cocaine. *Id.*

The Grand Jury indicted Petitioner for possession of cocaine. He moved to suppress the evidence obtained during the traffic stop, arguing that Deputy Schismenos improperly extended the length of the stop until the canine officer could arrive. The trial court denied his motion, and a jury found him guilty of the offense. The court sentenced him on October 29, 2012 to 11 years imprisonment.

Petitioner appealed his conviction to the Ohio Ninth District Court of Appeals. He asserted one assignment of error: that the trial court erred in denying his Motion to Dismiss for failing to bring him to trial within 90 days as provided in Ohio Revised Code § 2945.71. The Court of Appeals determined that the delays in bringing Petitioner to trial were due to motions Petitioner filed. The Appellate Court found that the trial court

did not unreasonably delay in deciding the motions and affirmed his conviction on September 30, 2013. He did not appeal that decision to the Supreme Court of Ohio.

Instead, Petitioner filed an Application to Re-Open his Appeal under Ohio App. R. 26(B) on December 26, 2013, based on alleged ineffective assistance of appellate counsel. In support of his Application, he claimed: (1) his appellate counsel was ineffective for not arguing that the trial court erred in denying his Motion to Suppress; (2) his appellate counsel was ineffective for not raising a claim for ineffective assistance of trial counsel for his failure to obtain suppression of the evidence obtained from the traffic stop; (3) his appellate counsel was ineffective for not raising a claim pertaining to the prosecutor's statements during his closing arguments; and (4) his appellate counsel was ineffective for failing to raise claims that his conviction was not supported by sufficient evidence and was against the manifest weight of the evidence. The Ninth District Court of Appeals found Petitioner's Appellate Counsel was not ineffective, stating, "'Appellate counsel need not raise every possible issue in order to render constitutionally effective assistance.'" *State of Ohio v. Miles*, No. 12CA0102-M (Ohio App. 9 Dist. Feb. 27, 2014)(quoting *State v. Burke*, 97 Ohio St. 3d 55,56-57 (2002)). The Court denied the Application to Re-Open Appeal on February 27, 2014.

Petitioner appealed this decision to the Supreme Court of Ohio on April 14, 2014. He asserted five Propositions of Law:

> 1. The trial court abused its discretion when it denied the appellants [sic] suppression hearing.
>
> 2. The prosecutor introduced new evidence in his closing arguments disclosing evidence that was favorable to the defense. Defense counsel had no opportunity to use this

3

> evidence in trial. The appellant was prejudiced by this disclosure at the end of the trial;
>
> 3. Trial counsel was ineffective for failing the appellant at the suppression hearing and for not being able to argue the objection to the prosecutions [sic] closing argument adequately;
>
> 4. The conviction is against the standards of 'sufficiency of evidence' and the 'manifest weight of the evidence;"
>
> 5. The court erred in denying the defendants [sic] motion to dismiss for failing to bring him to trial within 90 days as provided in the Ohio Revised Code § 2945.71

State of Ohio v. Miles, No. 14-0577 (Ohio S. Ct. filed Apr. 14, 2014). The State of Ohio responded with a Memorandum in Opposition to Jurisdiction. In their Memorandum, the State argued that all of the Propositions of Law exceeded the scope of the jurisdiction for appeal. Specifically, the State pointed out that Petitioner was appealing the denial of his Application to Re-Open Appeal under App. R. 26(B) for claimed ineffective assistance of appellate counsel. The Propositions of Law did not mention ineffective assistance of appellate counsel and instead argued the merits of the underlying claims which were beyond the jurisdiction of the appeal. In addition, the State argued Petitioner's Fifth Proposition of Law raised a claim which was asserted on direct appeal, not in his Application to Re-Open. This was not a jurisdictional appeal from his direct appeal, and the time for filing an appeal of that decision had expired. The State urged the Supreme Court to deny jurisdiction. The Supreme Court considered the jurisdictional memoranda and declined to accept jurisdiction on June 25, 2014.

4

## II. Habeas Petition

Petitioner has now filed the within Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §225. He asserts five grounds for relief:

> 1. The trial court abused its discretion and violated the petitioners [sic] due process rights when they denied the petitioners [sic] Motion to Suppress at the suppression hearing. Fourth Amendment, U.S. Constitution.
>
> 2. The prosecutor introduced new evidence in his final closing arguments disclosing evidence that was favorable to the defense. Defense counsel had no opportunity to use this evidence in trial. The Petitioner was prejudiced by this disclosure at the end of the trial. Fifth and Fourteenth Amendments, U.S. Constitution.
>
> 3. Trial counsel was ineffective for failing the Petitioner at the suppression hearing and for not being able to argue the objection to the prosecutions [sic] closing argument adequately. Sixth Amendment, U.S. Constitution.
>
> 4. The conviction is against the standards of 'sufficiency of evidence' and the 'manifest weight of evidence. Fourth, zfifth and Fourteenth Amendment, U.S. Constitution.
>
> 5. The trial court was in error when it denied the petitioners [sic] motion to dismiss for failing to bring him to trial within 90 days as provided in Ohio Revised Code § 2945.71 and as guaranteed by the Sixth Amendment of the United States Constitution.

(ECF No. 1 at 4-9). He seeks release from confinement.

## III. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); see *Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199

5

F.3d 867, 871 (6th Cir. 1999). Consistent with AEDPA's goal of the promoting comity, finality, and federalism, a federal district court reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, must presume a determination of a factual issue made by a State court to be correct. *Woodford*, 538 U.S. at 206; *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008). The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774-76 (6th Cir. 2008).

A decision is contrary to clearly established law under §2254(d)(1) when it is "diametrically different, opposite in character or nature, or mutually opposed" to federal law as determined by the Supreme Court of the United States. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). In order to have an unreasonable application of clearly established federal law, the state-court decision must be objectively unreasonable, not merely erroneous or incorrect. *Id.* at 409. Furthermore, it must be contrary to holdings of the Supreme Court, as opposed to dicta. *Id.* at 415.

A state court's determination of fact will be unreasonable under §2254(d)(2) only if it represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003).

6

In other words, a state court's determination of facts is unreasonable if its finding conflict with clear and convincing evidence to the contrary. *Id.* "This standard requires the federal courts to give considerable deference to state-court decisions." *Ferensic v. Birkett*, 501 F.3d 469, 472 (6th Cir.2007). AEDPA essentially requires federal courts to leave a state court judgment alone unless the judgment in place is "based on an error grave enough to be called 'unreasonable.'" *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir.1998).

### IV. Procedural Barriers to Habeas Review

Before a federal court will review the merits of a petition for a writ of habeas corpus, a petitioner must overcome several procedural hurdles. Specifically, the petitioner must surmount the barriers of exhaustion, procedural default, and time limitation.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

To be properly exhausted, each claim must have been "fairly presented" to the state courts. *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Fair presentation requires that the state

courts be given the opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414. Specifically, in determining whether a petitioner "fairly presented" a federal constitutional claim to the state courts, courts should consider whether the Petitioner (1) phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) relied upon federal cases employing the constitutional analysis in question; (3) relied upon state cases employing the federal constitutional analysis in question; or (4) alleged "facts well within the mainstream of [the pertinent] constitutional law." See *Hicks v. Straub,* 377 F.3d 538, 553 (6th Cir. 2004) (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court. *Id.* This does not mean that the applicant must recite "chapter and verse" of constitutional law, but the applicant is required to make a specific showing of the alleged claim. *Wagner*, 581 F.3d at 414.

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address because the Petitioner did not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, the state judgment is not based on a resolution of federal constitutional law, but instead

8

"rests on independent and adequate state procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir.1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state procedural grounds for a state court decision absent a clear statement to the contrary. *See Coleman*, 501 U.S. at 735.

Simply stated, a federal court may review only federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

### VI. Analysis

Here, Petitioner's grounds for relief are unexhausted. Petitioner did not assert these claims under the same legal theory at each level of the appellate process, and did not assert his first and fifth grounds for relief in the state courts as violations of federal constitutional law. Because Petitioner has no remaining remedy in the state courts through which he could complete the exhaustion process, his grounds for relief are procedurally defaulted.

First, Petitioner did not assert his grounds for relief under the same legal theory at each level of appellate review. He asserted his fifth ground for relief pertaining to speedy trial issues in his direct appeal. That assignment of error was denied on the

9

merits by the Ohio Court of Appeals. Petitioner did not appeal that decision to the Supreme Court of Ohio. He attempted to append this claim to his appeal of the denial of his Application to Re-Open Appeal under App. R. 26(B); however, that claim was not asserted in his Application and therefore was not properly before the Supreme Court.

Petitioner's first through fourth grounds for relief were raised only to the Supreme Court of Ohio in the appeal of the denial of his Application to Re-Open Appeal under App. R. 26(B). An Application to Re-Open is specifically limited to claims of ineffective assistance of appellate counsel. Indeed, Petitioner asserted four claims for ineffective assistance of appellate counsel in his Application. The Court of Appeals denied the Application finding his appellate counsel was not ineffective. When Petitioner appealed the denial of his Application to Re-Open to the Supreme Court of Ohio, he did not raise claims for ineffective assistance of appellate counsel. Instead, he asserted the underlying claims he thought his appellate counsel should have raised on direct appeal. Those claims were not properly before the Court of Appeals on their merits. They also were unexhausted.

In addition, Petitioner's first and fifth grounds for relief were raised as a denial of his federal constitutional rights for the first time in this habeas petition. His first ground for relief was raised as an ineffective assistance of appellate counsel claim. When he appealed the denial of Application to Re-Open, he attempted to assert his first ground for relief as a violation of the Ohio Constitution. In his habeas petition, he now asserts it as a violation of his Fourth Amendment rights, and a denial of Due Process under the United States Constitution. These are all different legal theories.

10

Similarly, Petitioner's fifth claim was asserted on direct appeal as a violation of Ohio Revised Code § 2945.71. He continued to assert his fifth claim as a violation of Ohio Revised Code § 2945.71 in his attempt to append this claim to the appeal of the denial of his Application to Re-Open under App. R. 26(B). In his habeas petition, he asserts for the first time that he was denied a speedy trial under the Sixth Amendment. The constitutional parameters for determining a speedy trial violation are less defined and less stringent than those set forth in Ohio Revised Code § 2945.71. The Supreme Court has set forth a balancing approach for determining when a Sixth Amendment speedy-trial violation has occurred. *Barker v. Wingo*, 407 U.S. 514, 523-30 (1972). The following four factors are to be considered: (1) whether the delay was uncommonly long; (2) the reason for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) whether prejudice resulted to the defendant. *Id.* The length of the delay, however, is a threshold issue. That is, if there is no delay that is presumptively prejudicial, there is no necessity for inquiry into the other factors. *United States v. Schreane*, 331 F.3d 548, 553 (6th Cir. 2003)(citing *Barker*, 407 U.S. at 530). A delay is presumptively prejudicial if it is "uncommonly long" or "extraordinary." *Id.* (citing *Doggett v. United States*, 505 U.S. 647, 651-52 (1992)). The Sixth Circuit has found that a delay is presumptively prejudicial when it approaches one year. *Id.* Ohio Revised Code § 2945.71(C) provides that an individual charged with a felony shall be brought to trial within two hundred seventy days after the person's arrest, and it allows for counting three days as one for purposes of the statute if the defendant is detained on that charge prior to trial. It therefore is possible for a defendant's right to a speedy trial to be violated under the Ohio statute, but not under the United States Constitution.

They are two different claims. Because Petitioner asserted the constitutional claim for the first time in this Petition, it is unexhausted.

A Petitioner cannot obtain federal habeas relief unless he has completely exhausted his available state court remedies to the state's highest court. *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001); 28 U.S.C. § 2254(b)(1)(A). Where a habeas petition contains unexhausted claims, there is a strong presumption in favor of requiring the Petitioner to pursue his available state remedies. *Granberry v. Greer*, 481 U.S. 129, 131 (1987); see also *O'Guinn v. Dutton*, 88 F.3d 1409, 1412 (6th Cir. 1996) (stating that "the Supreme Court has been quite clear that exhaustion is the preferred avenue and that exceptions are to be for narrow purposes only").

Nevertheless, a habeas court need not require a Petitioner to return to state court if it would be futile for him to do so. If a Petitioner fails to fairly present his claims through the requisite of levels of state appellate review to the state's highest court, and no avenue of relief remains open, or if it would otherwise be futile for Petitioner to continue to pursue his claims in the state courts, the claims are subject to dismissal with prejudice as procedurally defaulted. See *O'Sullivan*, 526 U.S. at 847-48; *Harris v. Reed*, 489 U.S. 255, 260-62 (1989); *McBee v. Grant*, 763 F.2d 811, 813 (6th Cir.1985); see also *Weaver v. Foltz*, 888 F.2d 1097, 1099 (6th Cir. 1989).

In this case, Petitioner did not present his habeas claims to all levels in the state courts, and he has no remaining avenue for relief to raise these claims. They are procedurally defaulted. When a claim is procedurally defaulted, federal habeas review is barred unless the Petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that

failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. Petitioner can overcome a procedural default by showing (1) there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error or (2) a fundamental miscarriage of justice would result from a bar on federal habeas review. See *Hutchison v. Bell*, 303 F.3d 720, 735 (6th Cir. 2002); *Combs v. Coyle*, 205 F.3d 269, 274-75 (6th Cir. 2000). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 484 (1986). "Such factors may include 'interference by officials,' attorney error rising to the level of ineffective assistance of counsel, and 'a showing that the factual or legal basis for a claim was not reasonably available.'" *Hargrave–Thomas v. Yukins*, 374 F.3d 383, 388 (6th Cir. 2004) (quoting *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991)). To establish prejudice, Petitioner must demonstrate that the constitutional error "worked to his actual and substantial disadvantage." *Perkins v. LeCureux*, 58 F.3d 214, 219 (6th Cir. 1995) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

The Petition does not suggest any factor external to the defense precluded him from raising these claims as federal constitutional violations in his direct appeal of his conviction. He therefore has not demonstrated "cause" for the default.

Because the cause and prejudice standard is not a perfect safeguard against fundamental miscarriages of justice, the United States Supreme Court has recognized a narrow exception to the cause requirement where a constitutional violation has probably resulted in the conviction of one who is actually innocent of the substantive

13

offense. *Dretke v. Haley*, 541 U.S. 386, 392 (2004) (citing *Murray*, 477 U.S. at 495-96). Petitioner does not claim he is innocent of the underlying conviction. There is no suggestion that a fundamental miscarriage of justice occurred as a result of this procedural default.

### VII. Conclusion

For all the foregoing reasons, the Petition for a Writ of Habeas Corpus (ECF No. 1) is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

UNITED STATES DISTRICT JUDGE

Date: 9 June 2015